1  TIMOTHY K. BRANSON (SBN: 187242)
   tbranson@grsm.com
2  PATRICK J. MULKERN (SBN: 307272)
   pmulkern@grsm.com
3  GORDON REES SCULLY MANSUKHANI
   101 W. Broadway Suite 2000
4  San Diego, CA 92101
   Telephone: (619) 230-7441
5  Facsimile:  (619) 696-7124

6  Attorneys for Defendant
   GUNNAR OPTIKS, LLC

7

8
                  UNITED STATES DISTRICT COURT
9
                 SOUTHERN DISTRICT OF CALIFORNIA
10

11 | GASTON PROCOPIO GIMENEZ, individually and on behalf of all others similarly situated, | CASE NO.  **'23CV0671 AGS WVG**
12 | | **DEFENDANT GUNNAR OPTIKS, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, 1453 (DIVERSITY JURISDICTION – CAFA)**
13 |                         Plaintiffs, |
14 |     vs. |
15 | GUNNAR OPTIKS, LLC, |
16 |                         Defendants. | *Removed from the Superior Court of California, San Diego County, Case No. 37-2023-00007453-CU-FR-CTL*
17 | | Complaint Filed:   Feb. 22, 2023

18

19

20

21

22

23

24

25

26

27

28

-1-
DEFENDANT GUNNAR OPTIKS'S NOTICE OF REMOVAL

Defendant Gunnar Optiks, LLC ("Gunnar Optiks") hereby removes to this Court the action entitled *Gimenez v. Gunnar Optiks, LLC*, Case No. 37-2023-00007453-CU-FR-CTL, from the Superior Court of the State of California for the County of San Diego. As set forth below, the Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part at 28 U.S.C. §§ 1332(d) and 1453. In support of removal, Gunnar Optiks states as follows:

## I.   BACKGROUND

1. On February 22, 2023, Plaintiff Gaston Procopio Gimenez ("Plaintiff") filed a complaint entitled *Gimenez v. Gunnar Optiks, LLC*, Case No. 37-2023-00007453-CU-FR-CTL in the Superior Court of the State of California for the County of San Diego (hereinafter the "State Court Action"). *See* Exhibit A ("Compl.").[1] The State Court Action is a putative class action in which Plaintiff alleges Gunnar Optiks advertised, and continues to advertise, false information related to its blue light-filtering glasses. *Id.* at ¶3. Plaintiff further alleges that he represents a class of consumers who were misled by such statements. *Id.* at ¶¶22, 25.

2. Plaintiff claims that such practices constitute untrue or misleading advertising under California's Consumer Legal Remedies Act (Cal. Civ. Code § 1750); California's False Advertising Law (Cal. Bus. & Prof. Code § 17500); California's Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1791); and California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200); as well as various common law claims.

///

///

---

[1] In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint filed in the Superior Court of the State of California for the County of San Diego, and all pleadings, process, and orders served on, or obtained by, Gunnar Optiks are attached to the concurrently filed declaration of Timothy K. Branson.

3. Plaintiff's Complaint seeks to certify the following class: "all consumers who purchased the Product from Defendant (the 'Class')." Ex. A at ¶22.

4. Gunnar Optiks is the only named defendant in the State Court Action.

5. This Notice of Removal is timely as the complaint has not yet been properly served on Gunnar Optiks, and so the 30-day period within which to remove has not yet begun. *See, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("defendant's period for removal will be no less than 30 days from service"); *Horvath v. JP Morgan Chase & Co.*, 2022 WL 80474, at *2 (S.D. Cal. Jan. 7, 2022) ("actual notice of the action is insufficient; rather, the defendant must be notified of the action…by formal process, before the removal period begins to run").

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(d)(2).

7. Removal to the United States District Court for the Southern District of California is proper pursuant to 28 U.S.C. §§ 84(a) and 1391(a) because the State Court Action was filed in San Diego County.

## II.   INTRADISTRICT ASSIGNMENT

8. Plaintiff filed this case in the Superior Court of the State of California for the County of San Diego. Therefore, this case may properly be removed to the Southern District of California. *See* 28 U.S.C. § 1441(a).

## III.   THIS CASE IS REMOVABLE UNDER CAFA

9. Pursuant to Section 4 of CAFA, 28 U.S.C. § 1332(d)(2):

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

1  10. This Court has jurisdiction over this action pursuant to CAFA, and this case may be removed by Gunnar Optiks pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil class action wherein: (1) the proposed class is alleged to contain "thousands if not tens of thousands" of members (*see* Ex. A at ¶23); (2) the defendant is not a state, state official or other governmental entity; (3) the total amount in controversy exceeds $5,000,000; and (4) there is diversity between at least one class member and the defendant. 28 U.S.C. §1332(d).

11. As a preliminary matter, Gunnar Optiks denies that it has any liability to Plaintiff or to the class he seeks to represent, denies that Plaintiff is an adequate class representative for the class that he seeks to represent, and denies that Plaintiff or the putative class members are entitled to recover any of the damages or other relief requested in the Complaint. Gunnar Optiks also submits that the Complaint's allegations do not satisfy the requirements for class certification. That said, based on the allegations as pled in the Complaint, which must be considered true for purposes of removal, and for the reasons set forth below, all requirements of CAFA are satisfied.

**A. The Proposed Class Contains Many Thousands of Members.**

12. Plaintiff seeks to represent a class consisting of "thousands if not tens of thousands" of members. *See* Ex. A at ¶23.

**B. Gunnar Optiks Is Not A State, State Official, or Other Government Entity.**

13. Gunnar Optiks is not a state, state official, or other governmental entity.

**C. The Amount-In-Controversy Requirement is Satisfied.**

14. To satisfy the amount in controversy, Gunnar Optiks need only establish that Plaintiff's putative class claims exceed the jurisdictional amount by a preponderance of the evidence. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) ("[T]he proper burden of proof imposed upon a

defendant to establish the amount in controversy is the preponderance of the evidence standard.").

15. Plaintiff in his complaint seeks restitution of monies paid to Gunnar Optiks; compensatory, statutory, and punitive damages in an unspecified amount; and attorneys' fees.

16. The purported class is "all consumers who purchased the Product from Defendant (the 'Class')." Plaintiff further alleges that "members of the Class number in the thousands if not tens of thousands."

17. The amount in controversy readily exceeds the $5 million threshold requirement under CAFA based on Gunnar Optiks's sales in 2022 alone.

### D. The Minimal Diversity Requirement Is Satisfied.

18. While diversity removal normally requires complete diversity between plaintiffs and defendants, removal of a putative class action under CAFA requires only "minimal diversity" – *i.e.*, that at least one plaintiff be diverse from one defendant. 28 U.S.C. § 1332(d)(2)(A).

19. As explained above, the putative class alleged in this case includes "all consumers who purchased the Product from Defendant"—regardless of location, residency, or citizenship. Ex. A at ¶22.

20. Named Plaintiff Gaston Procopio Gimenez alleges he is a resident of Spain. Ex. A at ¶10.

21. Defendant Gunnar Optiks, LLC is a California limited liability company with its headquarters and principal place of business in Carlsbad, California. Gunnar Optiks sells its products to California residents, to non-California residents throughout the United States, and to non-California residents internationally. Gunnar Optiks's products are carried in major retailers like Best Buy and Gamestop, and can also be found online.

22. Accordingly, all the jurisdictional requirements for CAFA removal are satisfied.

## IV. CONCLUSION

23. For the reasons stated above, removal pursuant to CAFA, 28 U.S.C. § 1332(d)(2), is appropriate.

24. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the clerk of the Superior Court of California, County of San Diego.

25. Pursuant to 28 U.S.C. § 1446(d), Gunnar Optiks is providing written notice of the removal of this action to Plaintiff by serving Plaintiff's counsel.

26. Pursuant to 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders served on Gunnar Optiks are being filed with the Court contemporaneously with this Notice of Removal.

27. By filing this Notice of Removal, Gunnar Optiks does not waive any jurisdictional objection or other defenses available to it under the law.

28. Gunnar Optiks does not concede in any way that the allegations in Plaintiff's Complaint are accurate, or that Plaintiff is entitled to compensatory or statutory damages, attorney fees, or any other relief, or that class treatment is appropriate for this case.

WHEREFORE, Gunnar Optiks removes this action to this Court from the Superior Court of the State of California for the County of San Diego.

Dated: April 14, 2023

GORDON REES SCULLY MANSUKHANI

By: */s/ Timothy K. Branson*
Timothy K. Branson
Patrick J. Mulkern
Attorneys for Defendant
GUNNAR OPTIKS, LLC