# EXHIBIT A

**BISNAR|CHASE LLP**
BRIAN D. CHASE (SBN 164109)
bchase@bisnarchase.com
IAN M. SILVERS (SBN 246416)
isilvers@bisnarchase.com
1301 Dove Street, Suite 120
Newport Beach, CA 92660
Telephone:    (949) 752-2999
Facsimile: (949) 752-2777

*Counsel for Plaintiff*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**02/22/2023** at 08:35:04 AM
Clerk of the Superior Court
By Mary Kaneshiro, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN DIEGO

GASTON PROCOPIO GIMENEZ, individually
and on behalf of all others similarly situated,

Plaintiffs,

v.

GUNNAR OPTIKS, LLC,

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. _____ 37-2023-00007463-CU-FR-CTL

**CLASS ACTION**

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

DEMAND FOR JURY TRIAL

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff Gaston Procopio Gimenez ("Plaintiff"), by and through his attorneys, individually and on behalf of himself and classes of those similarly situated, makes the following allegations against defendant Gunnar Optiks, LLC ("GUNNAR" or "Defendant"):

## JURISDICTION AND VENUE

1.    Defendant is within the jurisdiction of this Court in that they are headquartered in and transact millions of dollars of business in the State of California and in San Diego County. As a result, Defendant has obtained the benefits of the laws of the State of California and its construction building materials market.

2.    Venue is proper in this County because Defendant has conducted substantial business in this County, and the transactions in question occurred in this County. Further: (1) they operate within this County; (2) they are qualified with the California Secretary of State to do business and are doing business in California, and in this County; and (3) because many of the acts complained of occurred and arose in California, and specifically, this county. Additionally, Defendant CPC is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

## NATURE OF THE ACTION

3.    This is a class action for damages relating to the Defendant's formulation, manufacture, testing, marketing, promotion, distribution, and sale of its defective blue light blocking eyeglasses product including, but not limited to, the Gunnar Onyx Vinyl Crystalline Glasses (the "Gunnar Glasses" or the "Product").

4.    Defendant advertises the Gunnar Glasses as doctor recommended to "block blue light", "reduce digital eyestrain", "prevent dry eyes", "minimize glare", and sleep better."[1]

5.    Gunnar Glasses have quickly grown to be one of the most widely sold blue light blocking eyewear products in the country, primarily due to Defendant's marketing. This includes the notable packaging and influential ambassadors backing Gunnar Glasses'—

---

[1] https://gunnar.com/pages/technology (Last visited on January 25, 2023)

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1   advertising in various channels, including through social media and big names like "Call of

2   Duty" and "Marvel" endorsements, and that it was featured on "Shark Tank" and recommended

3   by "Rolling Stone" magazine.[2]

4       6.    The Product is sold throughout the United States in hundreds of thousands of

5   retail locations, including by electronic stores and mass retailers, as well as through online

6   retailers and Defendant's own website, www.gunnar.com.

7       7.    When used as intended, the Product does not protect the consumer as Defendant

8   claims with their "Gunnar Blue Light Filer ("GBLF")" or protect it as represented in comparison

9   with other named brands, such as "Hyperx", "Oakley", "Gamer" and "Zenni". Per Defendant's

10   lens comparison, their GBLF consists of four levels of blue light protection, 98%, 90%, 65%,

11   and 35%, which Defendant's website makes clear relates to the percentage of blue light it claims

12   is blocked by the Product.    The "GBLF scale measures eye protection at the peak of the blue

13   light spectrum."[3]



[2] https://gunnar.com/ (Last visited January 25, 2023)

[3] https://gunnar.com/pages/technology (Last visited January 25, 2023)

3

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1       8.     However, the Product falls well short of the represented amount of blocked blue

2  light. The Product lacks the protections claimed and Defendant has failed to adequately inform

3  consumers or take adequate action to protect the public as it continues to manufacture, market,

4  and sell the Product even though it does not meet these representations.

5       9.     This action seeks redress on a class-wide basis for Defendant's deceptive business

6  practices in selling the Product.  Plaintiff brings claims individually and, on a class-wide basis,

7  against Defendant for negligence, strict products liability, breach of express and implied

8  warranties, violations of the California Consumer Legal Remedies Act ("CLRA"), Civil Code

9  §§ 1750, *et seq.*, California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et*

10  *seq.*, California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq.*, Song-

11  Beverly Consumer Warranty Act , *Cal. Civ. Code §§ 1791.1 & 1792*, unjust enrichment, and

12  injunctive relief.

13

## PARTIES

14      10.    Plaintiff Gaston Procopio Gimenez, a resident of Mallorca, Spain, purchased a pair

15  of Gunnar Glasses in October 2016.  He purchased the Gunnar Onyx Vinyl Crystalline Product

16  from Amazon, for which he paid $87.93.  He expected and relied on the Product to block blue

17  light from screens, which would prevent eyes strain, dry eyes, and other reactions caused by blue

18  light.  After using the Product, Plaintiff developed neurosensory retinal and pigment epithelial

19  detachment and was diagnosed with dry eye syndrome as well as evaporative dry eye syndrome

20  and mild meibomian gland dysfunction. Plaintiff would not have purchased the Product or would

21  not have paid as much as he did for the Product had he known it would not protect his eyes and

22  did not do what Defendant represented it would do.

23      11.    Defendant Gunnar Optiks, LLC, is a California limited liability company with its

24  principal place of business at 2236 Rutherford Road, Suite 123, Carlsbad, California 92008.

25  Gunnar manufactures, markets, distributes, and sells the Product.  Gunnar sells the Products

26  directly through its consumer website, www.gunnar.com, and through a variety of retailers

27  nationwide.

28

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1

## FACTUAL ALLEGATIONS

2      12.    Defendant manufactures, markets, and sells Gunnar Glasses.  They are packaged in

3  widely recognized, bright colors, and with big name collaborations. Defendant's Product is sold

4  for approximately from $24.99 to almost $100 per pair of glasses.  It is sold in a variety of

5  designs, including, but not limited to, 6-Siege Ash Edition, 6-Siege Intercept, Apex, Atherton,

6  Attache, Attache Reading Glasses, Berkeley, Call of Duty Convert Edition, Call of Duty Tactical

7  Edition, Clip On, Cruz (children's lineup), and a variety of Cruz designs for kids including a Cruz,

8  Black Panther Edition, Collection for St. Jude, Spider-Man Miles Morales Edition and many more

9  design but all with the same options of  GBLF to choose from:  35%, 65%, 90% or 98%. [4]

10      13.    While purchased by all manner of consumers, the eye-catching packaging, and fun

11  designs that Gunnar offers in its Product have had special appeal for younger adults and children.

12      14.    Defendant's own marketing touts itself as "the only patented gaming and computer

13  eyewear recommend by doctors to protect and enhance your vision." In fact, it claims "GUNNAR

14  blue light glasses address all short and long-term side effects of digital eye strain, including

15  headaches, dry eyes, blurry vision, glare, negative effects of artificial blue light, eye strain and

16  fatigue. The result, "improved, focus and performance."[5]

17      15.    Additionally, "gamers and streamers" endorsements have boosted Gunnar's robust

18  sales, with figures such as Parallaxstella, FOXA, Nate Hill, among many other promoting the

19  product.[6]

20      16.    First introduced in 2008, the Product is sold today in 38 countries, in the U.S. by

21  major retailers throughout the nation, including chain electronic stores and mass merchandisers, as

22  ///

23

24

25  [4] https://gunnar.com/collections/shop-all (Last visited on January 25, 2023)

    [5] https://gunnar.com/pages/technology (Last visited on January 25, 2023)

26  [6] https://gunnar.com/pages/ambassadors (Last Visited January 25, 2023)

27

28

1    well as by many online retailers.   It has A listers as customers such as Facebook, Google,

2    Microsoft and Zappos.[7]

3        17.    Defendant's Product page at www.gunnar.com represents that "GUNNAR offers a

4    real-world solution to keep your eyes safe and actually improve your experience while using

5    phones, computers and tablets." "With GUNNAR blue blocker glasses, you'll enhance your vision

6    to reach peak performance."

7        18.    However, Defendant's marketing claims are false and misleading and omit material

8    information.  When used as intended, Gunnar Glasses caused adverse reactions to consumers.

9        19.    Further, the Product does not block anywhere near the amount of blue light

10   represented in Defendant's website and marketing materials.    This has been true since at least

11   when Plaintiff bought his glasses (if not before) and continues to this day.

12       20.    Plaintiff and Class members sustained damages as a direct and proximate result of

13   Defendant's negligence and wrongful conduct and omissions in connection with the research,

14   formulation, manufacture, testing, marketing, and sale of the Product.  Defendant has failed to

15   provide adequate and accurate information on the Product packaging or in other marketing

16   materials.  Moreover, Defendant has failed to take proper action to mitigate the adverse effects

17   caused by its Product.

18       21.    Plaintiff and other Class members relied on Defendant's misrepresentations and

19   omissions regarding the benefits of the Product.  Plaintiff and the Class have been damaged by

20   Defendant's deceptive and unfair conduct and wrongful inaction in that they purchased the

21   Product which they would not have otherwise purchased or would not have paid as much for had

22   Defendant not misrepresented the benefits of the Product or warned them of the potential harms

23   caused by the Product.

24

25   [7] https://gunnars.com.ph/about-

26   gunnar/#:~:text=The%20idea,who%20was%20fascinated%20by%20technology. (Last visited January 25, 2023)

27

28                                            6
                    CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1

## CLASS DEFINITION AND ALLEGATIONS

2      22.    Plaintiff seeks to represent as class defined as all consumers who purchased the

3    Product from Defendant (the "Class").

4      23.    Members of the Class are so numerous that their individual joinder herein is

5    impracticable.    According to information and belief, members of the Class number in the

6    thousands if not tens of thousands. The precise number of Class members and their identities are

7    unknown to Plaintiff at this time but may be determined through discovery.  Class members may

8    be notified of the pendency of this action by mail and/or publication through the distribution

9    records of Defendant and third-party retailers and vendors.

10      24.    Common questions of law and fact exist as to all members of the Class and

11    predominate over questions affecting only individual Class members.  Common legal and factual

12    questions include, but are not limited to, whether Defendant's marketing of the Product was

13    misleading and omitted material information.

14      25.    The claims of the named Plaintiff are typical of the claims of the Class and any

15    subclasses he seeks to represent in that the named Plaintiff was exposed to Defendant's misleading

16    advertising, purchased the Product, and was damaged as a result of that purchase.

17      26.    Plaintiff is an adequate representative of the Class because his interests do not

18    conflict with the interests of the Class members he seeks to represent, he has retained competent

19    counsel experienced in prosecuting class actions, and they intend to prosecute this action

20    vigorously.  The interests of Class members will be fairly and adequately protected by Plaintiff

21    and his counsel.

22      27.    The class mechanism is superior to other available means for the fair and efficient

23    adjudication of the claims of Class members.  Each individual member of the Class may lack the

24    resources to undergo the burden and expense of individual prosecution of the complex and

25    extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases

26    the delay and expense to all parties and multiplies the burden on the judicial system presented by

27    the complex legal and factual issues of this case.  Individualized litigation also presents a potential

28

7

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1    for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer

2    management difficulties and provides the benefits of single adjudication, economy of scale, and

3    comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment

4    of the liability issues will ensure that all claims and claimants are before this Court for consistent

5    adjudication of the liability issues.

## FIRST CAUSE OF ACTION
### (California's Consumer Legal Remedies Act, Cal. Civil Code §§ 1750, *et seq.*)

28.    Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein.

29.    Plaintiff brings this individually and on behalf of the Class.

30.    Plaintiff and class members are consumers who purchased Gunnar Glasses for eyecare purposes. Accordingly, Plaintiff and Class members are "consumers" as that term is defined by the CLRA in *Cal. Civ. Code § 1761(d)*. Plaintiff and Class members are not sophisticated experts with independent knowledge of the formulation, design and effects of the Product.

31.    At all relevant times, the Product constituted a "good" as that term is defined in Cal. Civ. Code § 1761(a).

32.    At all relevant times, Defendant was a "person" as that term is defined in Civ. Code § 1761(c).

33.    At all relevant times, Plaintiff's purchase of the Product, and the purchases of the Product by other Class members, constituted "transactions" as that term is defined in Cal. Civ. Code § 1761(e). Defendant's actions, inactions, representations, omissions, and conduct has violated, and continues to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of the Product to consumers.

34.    The policies, acts, omissions, and practices described in this Complaint were intended to and did result in the sale of the Product to Plaintiff and the Class. Defendant's

8

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1  practices, acts, omissions, policies, and course of conduct violated the CLRA §1750 *et seq.* as
2  described above.

3      35.    Defendant represented that the Product had approval, characteristics, uses, and
4  benefits which it did not have in violation of *Cal. Civ. Code § 1770(a)(5)*.

5      36.    Defendant represented that the Product was of a particular standard or quality when
6  Defendant was aware it was of another, in violation of *Cal. Civ. Code § 1770(a)(7)*.

7      37.    Defendant violated *Cal. Civ. Code §§ 1770(a)(5) and (a)(7)* by representing that
8  the Product were glasses that would block a certain amount of blue light when, in fact, the Product
9  does not have these effects and did not block anywhere near the claimed amount of blue light.

10     38.    Defendant advertised the Product with the intent not to sell it as advertised in
11  violation of § 1770(a)(9) of the CLRA.  Defendant did not intend to sell the Product as advertised
12  because Defendant knew that the Product would not block the blue light as advertised.  As such,
13  Defendant knew use of the Product would not prevent eye strain, dry eyes,  irritation and other
14  damages to consumers as claimed.

15     39.    Plaintiff  and  Class  members  suffered  injuries  caused  by  Defendant's
16  misrepresentations and omissions because: (a) Plaintiff and Class members would not have
17  purchased the Product or would not have paid as much for the Product if they had known the true
18  facts;  (b)  Plaintiff  and  Class  members  purchased  the  Product  due  to  Defendant's
19  misrepresentations and omissions; and (c) the Product did not have the level of quality,
20  effectiveness, or value as promised.

21     40.    Plaintiff and the Class seek an order enjoining Defendant's unfair or deceptive acts
22  or practices, equitable relief, an award of attorneys' fees and costs under *Cal. Civ. Code § 1780(e),*
23  and any other just and proper relief available under the CLRA.

24     41.    Prior to the filing of this Complaint, a CLRA notice letter was served on Defendant
25  which complies in all respects with *Cal. Civ Code § 1782(a)*.  A true and correct copy of
26  Plaintiff's letter is attached as Exhibit A.  The letter was sent to Defendant via certified mail,
27  return receipt requested, advising Defendant that it is in violation of the CLRA and must correct,

28

9

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1    repair, replace, or otherwise rectify the goods alleged to be in violation of § 1770.  In the event

2    that the relief requested has not been provided within thirty (30) days, Plaintiff will amend this

3    Complaint to include a request for damages pursuant to the CLRA.

4                                    **SECOND CAUSE OF ACTION**

5         **(California's False Advertising Law, Cal. Bus. & Prof. Code §§17500, *et seq.*)**

6         42.    Plaintiff repeats the allegations contained in the paragraphs above as if fully set

7    forth herein.

8         43.    Plaintiff brings this cause of action individually and on behalf of the Class.

9         44.    California's FAL (Bus. & Prof. Code §§17500, *et seq.*) makes it "unlawful for any

10   person to make or disseminate or cause to be made or disseminated before the public in this state, .

11   . . in any advertising device . . . or in any other manner or means whatever, including over the

12   Internet, any statement, concerning . . . personal property or services, professional or otherwise, or

13   performance or disposition thereof, which is untrue or misleading and which is known, or which

14   by the exercise of reasonable care should be known, to be untrue or misleading."

15        45.    Defendant committed acts of false advertising, as defined by the FAL, by using

16   false and misleading statements, and material omissions, to promote the sale of the Product, as

17   described above, and including, but not limited to, representing that the Product blocked a certain

18   percentage of blue light, when Defendant knew or should have known that use of the Product did

19   not clock the claimed amount of blue light and thus did not  prevent eye strain, dry eyes,  irritation

20   and other damages to consumers as claimed..

21        46.    Defendant knew or should have known, through the exercise of reasonable care,

22   that its statements were untrue and misleading.

23        47.    Defendant's actions and omissions in violation of the FAL were false and

24   misleading such that the general public is and was likely to be deceived.

25        48.    As a direct and proximate result of these acts and omissions, consumers have been

26   and are being harmed.  Plaintiff and members of the Class have suffered injury and actual out-of-

27   pocket losses as a result of Defendant's FAL violation because: (a) Plaintiff and Class members

28                                              10

                    CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1  would not have purchased the Product or would not have paid as much for it if they had known the

2  true facts; (b) Plaintiff and Class members purchased the Product due to Defendant's

3  misrepresentations and omissions; and (c) the Product did not have the level of quality,

4  effectiveness, or value as promised.

5      49.    Plaintiff brings this action pursuant to Bus. & Prof. Code § 17535 for injunctive

6  relief to enjoin the practices described herein and to require Defendant to issue corrective

7  disclosures to consumers. Plaintiff and the Class are therefore entitled to: (a) an order requiring

8  Defendant to cease the acts of unfair competition alleged herein; (b) full restitution of all monies

9  paid to Defendant as a result of its deceptive practices; (c) interest at the highest rate allowable by

10  law; and (d) the payment of Plaintiff's attorneys' fees and costs pursuant to, *inter alia*, California

11  Code of Civil Procedure §1021.5.

12                          **THIRD CAUSE OF ACTION**

13  **Breach of Song-Beverly Consumer Warranty Act For Breach Of Express Warranty
(Cal. Civ. Code §§ 1791.2 & 1793.2)**

14

15      50.    Plaintiff repeats and reallege the allegations above as if fully set forth herein.

16      60.    This claim is brought by the Plaintiff on behalf of himself and the Class under

17  the Song-Beverly Consumer Warranty Act ("SBCWA") for breach of express

warranty.

18      61.    The Plaintiff and members of the Class are "buyers" within the meaning of

19  the SBCWA. *See Cal. Civ. Code § 1791(b)*.

20      62.    The Gunner Glasses are "consumer goods" within the meaning of *Cal. Civ.

21  Code § 1791(a)*.

22      63.    Defendant is a "manufacturer" within the meaning of *Cal. Civ. Code §1791(j)*.

23  Plaintiff and members of the Class bought Gunnar Glasses manufactured and distributed by

Defendant.

24      73.    As set forth in detail above, Defendants provided the Express Warranty to the

25  Plaintiff and members of the Class members within the meaning of Cal. Civ. Code §§ 1791.2

26  and 1793.2 as set forth herein.

27

28                                  11

74. Specifically, Defendant promised that these Gunnar Glasses would block blue light.

75. As set forth above in detail, the Product is defective because it does not block blue light as claimed by Defendant.

76. Defendant's express warranties, and its affirmations of fact and promises made to Plaintiffs and the Class regarding the Product, became part of the basis of the bargain between Defendant and Plaintiffs and the Class, thereby creating an express warranty that Defendant would conform to those affirmations of fact, representations, promises and descriptions.

77. However, the Product does not do these things as addressed above, including that the it does not lock the amount of blue light as represented by Defendant.

78. As a result of Defendant manufacturing the Gunnar Glasses, the Plaintiff and members of the Class have received goods containing defective materials that substantially impair use, value and safety of their Product and as a result Plaintiff and members of the Class have been damaged by incurring out-of-pocket expenses, loss of use of their Product and other damages.

79. Pursuant to Cal. *Civ. Code §§ 1793.2 and 1794*, the Plaintiff and other members of the Class are entitled to damages and other legal and equitable relief including, at their election, the purchase price of or a buyback of their Defective Inverter.

80. Pursuant to *Cal. Civ. Code § 1794*, the Plaintiff and members of the California are also entitled to costs and reasonable attorneys' fees.

**FOURTH CAUSE OF ACTION**
**Breach of the Implied Warranty of Merchantability in Violation of California's Song-Beverly Consumer Warranty Act**
**(Cal. Civ. Code §§ 1791.1 & 1792)**

80. Plaintiff repeats and realleges the allegations above as if fully set forth herein.

81. This claim is brought by the Plaintiff on behalf of himself and the Class under the SBCWA for breach of the implied warranty of merchantability.

82. The Plaintiff and members of the Class are "buyers" within the meaning of the SBCWA and parties to the original sale. See Cal. Civ. Code § 1791(b).

///

12

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1       83.    The Product is a "consumer goods" within the meaning of *Cal. Civ. Code §*

2  *1791(a)*.

3       84.    Defendant is a "distributor" within the meaning of *Cal. Civ. Code § 1791(e)*.

4       85.    Defendant impliedly warranted to the Plaintiff and the members of the Class that its

5  Product is "merchantable" within the meaning of *Cal. Civ. Code §§ 1791.1(a)* and *1792*. Section

6  1791.1(a) defines "implied warranty of merchantability" or "implied warranty that goods are

7  merchantable" to mean "that the consumer goods meet each of the following: (1) Pass without

8  objection in the trade under the contract description; (2) Are fit for the ordinary purposes for

9  which such goods are used; (3) Are adequately contained, packaged, and labeled; and (4)

10  Conform to the promises or affirmations of fact made on the container or label."

11       86.    Defendant breached the implied warranty of merchantability because it distributed

12  and sold the Product with the false advertainments that it would block certain amounts blue light

13  when they did not block these amounts.

14       87.    As a result of the false advertisement of blue light blocking technology in the

15  Product, the Plaintiffs and members of the Class received goods—at the point of sale—that

16  contain a defect which substantially impairs the value of their Product, poses a substantial health

17  hazard, and has caused them to incur out-of-pocket expenses.

18       88.    Pursuant to *Cal. Civ. Code §§ 1791.1(d), 1793.2* and *1794*, the Plaintiff and

19  members of the Class are entitled to damages and other legal and equitable relief, including, at

20  their election, the purchase price of their Product.

21       89.    Pursuant to *Cal. Civ. Code § 1794*, the Plaintiff and members of the Class are also

22  entitled to costs and reasonable attorneys' fees.

23                             **FIFTH CAUSE OF ACTION**

24        **(California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*)**

25       90.    Plaintiff repeats the allegations contained in the paragraphs above as if fully set

26  forth herein.

27       91.    Plaintiff brings this cause of action individually and on behalf of the Class.

28

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

92. The Unfair Competition Law, Cal. Business & Professions Code § 17200, *et seq.* ("UCL"), prohibits any "unlawful," "unfair," or "fraudulent," business act or practice and any false or misleading advertising.

93. The UCL, Bus. & Prof. Code § 17200 *et seq.*, provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising ...." The UCL also provides for injunctive relief and restitution for UCL violations. By virtue of its above-described wrongful actions, Defendant engaged in unlawful, unfair, and fraudulent practices within the meaning, and in violation of, the UCL.

94. "By proscribing any unlawful business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the UCL makes independently actionable." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999) (citations and internal quotation marks omitted).

95. Virtually any law or regulation – federal or state, statutory, or common law – can serve as a predicate for an UCL "unlawful" violation. *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1383 (2012).

96. Defendant violated the "unlawful prong" by violating the CLRA, Song-Beverly and the FAL, as well as by breaching express and implied warranties as described herein.

97. Defendant's acts and practices constitute "unfair" business acts and practices in that the harm caused by Defendant's wrongful conduct outweighs any utility of such conduct, and that Defendant's conduct: (i) offends public policy; (ii) is immoral, unscrupulous, unethical, oppressive, deceitful and offensive, and/or (iii) has caused (and will continue to cause) substantial injury to consumers, such as Plaintiffs and the Class.

98. There were reasonably available alternatives to further Defendant's legitimate business interests, including changing the Product design, warning consumers and the public about the risks of and adverse effects caused by the Product, and recalling the Product, other than Defendant's wrongful conduct and omissions described herein.

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1   99.   The UCL also prohibits any "fraudulent business act or practice." Defendant's

2   above-described claims, nondisclosures, and misleading statements were false, misleading, and

3   likely to deceive the consuming public in violation of the UCL.

4   100.   As a direct and proximate result of Defendant's above-described wrongful actions,

5   inactions, and violation of the UCL. Plaintiff and members of the Class have suffered injury and

6   actual out-of-pocket losses because: (a) Plaintiff and Class members would not have purchased the

7   Product or would not have paid as much for it if they had known the true facts; (b) Plaintiff and

8   Class members purchased the Product due to Defendant's misrepresentations and omissions; and

9   (c) the Product did not have the level of quality, effectiveness, or value as promised.

10   101.   Pursuant to Bus. & Prof. Code §17203, Plaintiff and the Class are therefore entitled

11   to: (a) an order requiring Defendant to cease the acts of unfair competition alleged herein; (b) full

12   restitution of all monies paid to Defendant as a result of its deceptive practices; (c) interest at the

13   highest rate allowable by law; and (d) the payment of Plaintiff's attorneys' fees and costs pursuant

14   to, *inter alia*, California Code of Civil Procedure §1021.5

15

16

### SIXTH CAUSE OF ACTION
### (Breach of Express Warranty)

17   102.   Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth

18   herein.

19   103.   Plaintiff brings this claim individually and on behalf of the members of the Class

20   against Defendant.

21   104.   In connection with the sale of the Product, Defendant, as the designer,

22   manufacturer, marketer, distributor and/or seller issued written warranties by representing that the

23   Product. These include that it gives consumers a "real world solution to keep your eyes safe", with

24   "GUNNAR blue blockers glasses, you'll enhance your vision" and they are "doctor

25   recommended" to prevent "eye strain", "dry eyes", and "block blue light."

26   105.   Defendant's express warranties, and its affirmations of fact and promises made to

27   Plaintiffs and the Class regarding the Product, became part of the basis of the bargain between

28                                                           15

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1    Defendant and Plaintiffs and the Class, thereby creating an express warranty that Defendant would

2    conform to those affirmations of fact, representations, promises and descriptions.

3        106.    However, the Product does not do these things as addressed above, including that

4    the it does not lock the amount of blue light as represented by Defendant.

5        107.    Plaintiff and proposed Class members were injured as a direct and proximate result

6    of Defendant's breach because (a) they would not have purchased the Product or would not have

7    paid as much for it had they known the true facts and (b) the Product did not have the

8    characteristics, uses, or benefits as promised.

## SEVENTH CAUSE OF ACTION
### (Breach of Implied Warranty of Merchantability)

10        108.    Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth

11    herein.

12        109.    Plaintiff brings this claim individually and on behalf of the members of the Class

13    against Defendant.

15        110.    Defendant, as the designer, manufacturer, distributor, and seller, impliedly

16    warranted that the Product was fit for its intended purpose in that the Product would act as a blue

17    light blocker. Defendant did so with the intent to induce Plaintiffs and Class members to purchase

18    the Product.

19        111.    Defendant breached its implied warranties because the Product does not have the

20    characteristics, uses, or benefits as promised.

21        112.    Plaintiffs and proposed Class members were injured as a direct and proximate

22    result of Defendant's breach because they would not have purchased the Product or would not

23    have paid as much for it had they known that it does not have the characteristics, uses, or benefits

24    as promised.

25    ///

26    ///

27    ///

28
CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1

**EIGHTH CAUSE OF ACTION**

**(Unjust Enrichment)**

2

3

113.     Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

4

5

114.     Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

6

7

115.     Plaintiff and members of the Class conferred benefits on Defendant by purchasing the Product.

8

9

10

11

12

13

116.     Defendant has been unjustly enriched in retaining revenues derived from Plaintiffs' and Class members' purchases of the Product.    Retention of that revenue under these circumstances is unjust and inequitable because Defendant misrepresented and omitted facts concerning the characteristics, uses, and benefits of the Product and caused Plaintiffs and Class members to purchase the Product and to pay more for the Product, which they would not have done had the true facts been known.

14

15

16

117.     Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiffs and members of the Class is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Class for its unjust enrichment, as ordered by the Court.

17

18

**NINETH  CAUSE OF ACTION**

**(Negligence)**

19

20

118.     Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

21

22

119.     Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

23

24

120.     Defendant negligently manufactured, designed, tested, researched, developed, labeled, packaged, distributed, promoted, marketed, advertised, and sold the Product.

25

26

///

27

28

17

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

121.    At all times relevant and material hereto, Defendant had a duty to exercise reasonable care in the design, manufacture, research and development, testing, processing, advertising, marketing, labeling, packaging, distribution, promotion and sale of the Product.

122.    Defendant breached its duty and was negligent in its actions, misrepresentations, and omissions in numerous ways including, but not limited to, the following:

- Failing to use due care in the formulation, design, and development of the Product to prevent and/or minimize the risk of injury and adverse effect to individuals when the Product was used;

- Failing to test the Product properly and thoroughly before releasing it on the market;

- Failing to conduct adequate post-market monitoring and surveillance of the Product and analysis for adverse reports and effects;

- Designing, manufacturing, marketing, advertising, distributing, and selling the Product to consumers, including Plaintiffs and Class members, without adequate warnings of the risks associated with using the Product and without proper and/or adequate instructions to avoid the harm which could foreseeably occur as a result of using the Products;

- Failing to exercise due care when advertising and promoting the Products;

- Negligently continuing to manufacture, market, distribute, and sell the Product, after Defendant knew or should have known of the risks of serious injury associated with using the Product;

- Failing to conduct adequate post-market surveillance and studies to determine the safety of the Product;

- Failing to label the Product to adequately warn Plaintiff, Class members, and the public of the risk of injury and adverse effects associated with the Product.

123.    Defendant advertised, marketed, sold and distributed the Product despite the fact that the Defendant knew or should have known of the risks associated with using the Product.

18

CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1    124.    Defendant had a duty to warn their customers and the public about the risks of
2  injury and adverse effects and refused to do so placing profit ahead of consumer safety.

3    125.    Defendant knew or should have known that the Product had unreasonably
4  dangerous risks of which consumers would not be aware and did not block blue light as
5  represented. Defendant nevertheless advertised, marketed, sold and distributed the Product.

6    126.    Despite the fact that Defendant knew or should have known that the Product did
7  not block blue light as represented and did not prevent the risk of injury as claimed, Defendant
8  continued to manufacture, market, advertise, promote, sell and distribute the Product to
9  consumers, including Plaintiff and Class members.

10    127.    Defendant recklessly and/or negligently failed to disclose to Plaintiff and Class
11  members the true amount of blue light blocked and adverse effects associated with the Product,
12  thereby suppressing material facts about the Product, while having a duty to disclose such
13  information, which duty arose from its actions of making, marketing, promoting, distributing and
14  selling the Product as alleged.

15    128.    Defendant led Plaintiffs and Class members to rely upon the safety of the Product
16  in their use of the Product.

17    129.    Defendant's false representations were recklessly and/or negligently made in that
18  the Product did not block blue light as represented and did not prevent the risk of injury as claimed
19  and in fact caused injury, was unsafe, and the benefits of its use were far outweighed by the risk
20  associated with use thereof.

21    130.    Defendant knew or should have known that its representations and/or omissions
22  were false. Defendant made such false, negligent and/or reckless representations with the intent or
23  purpose that Plaintiff and Class members would rely upon such representations, leading to the use
24  of the Product as described.

25    131.    Defendant recklessly and/or negligently misrepresented and/or omitted information
26  with respect to the Product as set forth above.

27

28                                          19
CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1    132.   Defendant omitted, suppressed, and/or concealed material facts concerning the

2    amount of blue light blocked, dangers and risk of injuries associated with the use of the Product.

3    Furthermore, Defendant was willfully blind to, ignored, downplayed, avoided, and/or otherwise

4    understated the nature of the risks associated with the Product in order to continue to sell the

5    Product.

6    133.   At the time Defendant made these misrepresentations and/or omissions, they knew

7    or should have known that the Product was unreasonably dangerous and not what Defendant had

8    represented to Plaintiff and Class members.

9    134.   Defendant's misrepresentations and/or omissions were undertaken with an intent

10   that Plaintiff and Class members rely upon them.

11   135.   Plaintiff relied on and were induced by Defendant's misrepresentations, omissions,

12   and/or active concealment of the dangers of the Product to Purchase and use the Product.

13   136.   Plaintiff did not know that these representations were false and therefore were

14   justified in their reliance.

15   137.   As a direct and proximate consequence of Defendant's negligent, willful, wanton,

16   and/or intentional acts, omissions, misrepresentations and/or otherwise culpable acts described

17   herein, Plaintiff and Class members sustained injuries and damages as alleged herein.

18   138.   Had Plaintiff and Class members been aware of the increased risk of injury

19   associated with the Product and the relative efficacy of the Product compared with other readily

20   available products, they would not have purchased the Product or would not have paid as much for

21   it.

22   139.   Defendant's negligence was a substantial factor in causing Plaintiff's harm and that

23   of Class members.

24   140.   Plaintiff and Class members are entitled to compensatory damages, and exemplary

25   and punitive damages together with interest, and such other and further relief as this Court deems

26   just and proper.

27

28
                                           20
            CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1

**PRAYER FOR RELIEF**

2       WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seek

3   a judgment against Defendant, as follows:

4       a.      For an order certifying the Class under Rule 23 of the Federal Rules of Civil

5               Procedure and naming Plaintiffs as representative of the Class and Plaintiff's

6               attorneys as Class Counsel to represent the Class;

7       b.      For an order declaring that Defendant's conduct violates the statutes referenced

8               herein;

9       c.      For an order finding in favor of Plaintiff and the Class on all causes of action

10              asserted herein;

11      d.      For compensatory, statutory, and punitive damages in amounts to be

12              determined by the Court and/or jury;

13      e.      For prejudgment interest on all amounts awarded;

14      f.      For an order of restitution and all other forms of equitable monetary relief;

15      g.      For an order enjoining Defendant from continuing the unlawful practices

16              detailed herein; and

17      h.      For an order awarding Plaintiff and the Class their reasonable attorneys' fees

18              and expenses and costs of suit.

19                          **DEMAND FOR JURY TRIAL**

20      Plaintiff hereby demand a trial by jury on all issues so triable.

21   DATED: February 21, 2023               **BISNAR|CHASE LLP**

22

23                                  By:   *Ian M. Silvers*

24                                        BRIAN D. CHASE
                                          IAN M. SILVERS

25                                        *Counsel for Plaintiffs*

26

27

28                                        21
     CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF