1
2
3

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

4   Gaston Procopio GIMENEZ, individually
    and on behalf of all others similarly
5   situated,

6                                    Plaintiff,

7   v.

8   GUNNAR OPTIKS, LLC,

9                                    Defendant.

10

Case No.: 23-cv-0671-AGS-VET

**ORDER GRANTING REMAND
MOTION (ECF 4) AND CLOSING
CASE**

11   Plaintiff's remand motion turns on one question: Under California law, is substitute

12   service on a company valid, even when plaintiffs have not made reasonably diligent

13   attempts to serve the company personally? The answer is yes.

14                              **BACKGROUND**

15   Plaintiff Gaston Gimenez sued defendant Gunnar Optiks, LLC, in California state

16   court. On February 28, 2023, plaintiff's process server tried to personally serve defendant's

17   designated agent at his office. (ECF 4-1, at 2.) Because the agent was "unavailable," the

18   server instead undertook substitute service by "hand[ing] the documents to" the agent's

19   employee and "mail[ing] a copy" of the summons and complaint to Gunnar Optiks that

20   same day. (*Id.*)

21   No one disputes that the process server followed the nuts-and-bolts requirements for

22   substitute service. The question is whether he was allowed to resort to such service so

23   quickly, without greater efforts to serve the agent personally. If substitute service was

24   permitted, it was "deemed complete on the 10th day after the mailing," on March 10, 2023.

25   *See* Cal. Civ. Proc. Code § 415.20(a). And Gunnar Optiks had "30 days" from completion

26   of service to file a notice of removal. *See* 28 U.S.C. § 1446(b).

27   On April 14, 2023—35 days after substitute service was arguably complete—

28   Gunnar Optiks removed the case to federal court. (ECF 1.) In its notice of removal, Gunnar

1

1  Optiks asserted that removal was "timely as the complaint has not yet been properly
2  served," so the "30-day period within which to remove has not yet begun." (*Id*. at 3.)
3  Gimenez disagrees and moves to remand. (ECF 4.)

4  **DISCUSSION**

5  **A.   Governing Law**

6  A district court may remand a case for "failure to comply with removal
7  requirements." *Kamm v. ITEX Corp.*, 568 F.3d 752, 755 (9th Cir. 2009); *see* 28 U.S.C.
8  § 1447(c). As relevant here, defendants must file a notice of removal "within 30 days after
9  the receipt by the defendant, through service or otherwise, of a copy of the initial pleading
10  . . . ." 28 U.S.C. § 1446(b). "When service of process becomes effective is governed by
11  state law." *Gray v. Extended Stay Am., Inc.,* No. 2:19-cv-01269-MCE-EFB, 2020 WL
12  1274265, at *4 (E.D. Cal. Mar. 17, 2020). Defendant has "the burden of establishing
13  removal jurisdiction." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir.
14  2006).

15  **B.   Must a Plaintiff Attempt Personal Service on an Entity Defendant?**

16  The defense argues that plaintiffs must exercise "reasonable diligence" to personally
17  serve a company before employing substitute service. (*See* ECF 7, at 1, 3, 5.) Not so.
18  California requires plaintiffs to use "reasonable diligence" to personally serve only
19  individuals, not entities. *See Produce v. Cal. Harvest Healthy Foods Ranch Mkt.*, No. C-
20  11-04814 DMR, 2012 WL 259575, at *3–4 (N.D. Cal. Jan. 27, 2012) (distinguishing
21  California's substitute-service rules "depending on whether the defendant being served is
22  an entity or an individual"). *Compare* Cal. Civ. Proc. Code § 415.20(b) (substitute-service
23  rules for individuals, requiring "reasonable diligence" at personal service), *with id.*
24  § 415.20(a) (substitute-service rules for entities, with no personal-service requirement).

25  Many courts have concluded that California law allows plaintiffs to rely on substitute
26  service of an entity without any attempt at personal service. *See, e.g.*, *Bishil v. LBF Travel*
27  *Inc*., No. 2:22-cv-06059-MEMF-ASx, 2022 WL 17252186, at *3 (C.D. Cal. Nov. 28,
28  2022) ("[N]o such ['reasonable diligence'] requirement exists for effecting service on

2

corporate entities."); *Alvandi v. Fidelity Cap. Holdings, Inc.*, No. CV 14-4379 DSF (AJWx), 2016 WL 11759095, at *2 (C.D. Cal. July 21, 2016) (rejecting argument that "reasonable diligence at personal service must be made before resort to substituted service" on a corporate defendant and noting that the reasonable-diligence "requirements are found in [Cal. Civ. Proc. Code] § 415.20(b), which does not apply to corporations, and not in § 415.20(a), which does"); *Alameda Cty. Elec. Indus. Serv. Corp. v. Gatejen Consol. Indus.*, No. C-13-00241 JCS, 2013 WL 4081310, at *9–10 (N.D. Cal. June 27, 2013) (distinguishing between the "more stringent" requirements for substitute service on individuals, which call for "reasonable diligence," and those for corporate defendants, which do not); *Produce*, 2012 WL 259575, at *4 ("Unlike substitute service on an entity defendant, substitute service may be made on an individual only after attempting to personally serve the defendant with 'reasonable diligence.'"); *Gaboratory, Inc. v. Gaboratory Int'l, Inc.*, No. CV 07-04725 MMM (Ex), 2008 WL 11406072, at *4 (C.D. Cal. Nov. 10, 2008) ("While it is always appropriate to serve a corporation by substituted service, an individual may be served in this way only after plaintiff has made 'reasonabl[y] diligen[t]' efforts to serve the individual personally.").

Treatises concur with this conclusion. *See, e.g.*, Michael Paul Thomas, *California Civil Courtroom Handbook and Desktop Reference* § 10.24 (2023 ed.) ("Unlike substitute service on natural persons, substitute service on entities does not require any prior attempt at personal service."); Robert I. Weil et al., *California Practice Guide: Civil Procedure Before Trial* ¶ 4:196 (2023 ed.) ("No such showing [of prior efforts at personal service] is necessary for substitute service on entity defendants . . . .").

So does California's Judicial Council. *See* Judicial Council Comment to Cal. Civ. Proc. Code § 415.20(a) ("If a defendant is a corporate or noncorporate entity, service may be made in the first instance, in lieu of delivery of process to a specified officer or employee of such entity personally, by leaving the papers in his office.").

Nonetheless, Gunnar Optiks paddles against this cascade of authority on the strength of four cases. Yet each seems to mistakenly import the substitute-service rules for

1   individuals into the entity context. For example, in *EDJX, Inc. v. 6x7 Networks, LLC*, No.

2   21-cv-02398-SK, 2021 WL 4262290 (N.D. Cal. Sept. 20, 2021), the court held that

3   "California law requires that 'a plaintiff must first make reasonably diligent (i.e., two or

4   three) attempts at personal service.'" *Id.* at *1 (quoting *Shaw v. Five M, LLC*,

5   No. 16-cv-03955-BLF, 2017 WL 747465, at *2 (N.D. Cal. Feb. 27, 2017) (in turn citing

6   *Bein v. Brechtel-Jochim Grp.*, 8 Cal. Rptr. 2d 351, 352 (Ct. App. 1992)))). But the ultimate

7   authority for that proposition comes from a section of the *Brechtel-Jochim* decision

8   discussing service on "the Brechtels" in their *individual* capacity—and relying on the code

9   section that pertains to substitute service on individuals, not entities. *See Brechtel-Jochim*,

10  8 Cal. Rptr. 2d at 353–54 (citing Cal. Civ. Proc. Code § 415.20(b)). At any rate, *EDJX*'s

11  "reasonable diligence" analysis is dicta, as that court identified other valid grounds to

12  disqualify service. *See EDJX*, 2021 WL 4262290, at *2 ("Additionally, the proofs of

13  service were defective . . . .").

14       The tale is the same for Gunnar Optiks' remaining authorities. All three presume

15  that "reasonable diligence" applies to service on entities, but the citational trail always

16  leads back to caselaw about individuals. Specifically, each case ultimately relies on *Evartt*

17  *v. Superior Court of Stanislaus County*, 152 Cal. Rptr. 836, 837–39 (Ct. App. 1979), or

18  *Espindola v. Nunez*, 245 Cal. Rptr. 596, 597–99 (Ct. App. 1988), which both involved

19  individual defendants and focused on section 415.20(b), regarding substitute service on

20  individuals. *See Aussieker v. M&S Green-Power Energy, Inc.*, No. 2:18-cv-03234-JAM-

21  AC, 2019 WL 2183783, at *4 (E.D. Cal. May 21, 2019) (relying on *Evartt* and *Espindola*);

22  *Falco v. Nissan N. Am. Inc.*, 987 F. Supp. 2d 1071, 1080 (C.D. Cal. 2013) (relying on

23  *Evartt* and also citing Cal. Civ. Proc. Code § 415.20(a), which contains no "reasonable

24  diligence" requirement); *Estate of Hong-Ming Lu v. Primax Wheel Corp.*, No. C 04-4170

25  JSW, 2005 WL 807048, at *3 (N.D. Cal. Apr. 7, 2005) (relying on *Evartt* and *Espindola*).

26       In short, Gunnar Optiks' argument cannot overcome the plain language of the statute

27  and the overwhelming weight of authority. The Court concludes that California has no

28  "reasonable diligence" requirement for substitute service on entities. So a plaintiff may

1  serve a company by substitute service without attempting personal service. Gimenez's

2  service here was effective; Gunnar Optiks' notice of removal was "filed after [the] thirty-

3  day window"; and "remand to state court is therefore appropriate." *See Babasa v.*

4  *LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).

**CONCLUSION**

6       Plaintiff's motion to remand is **GRANTED**. The Clerk is directed to close this case

7  and remand it to San Diego County Superior Court.

8  Dated:  January 16, 2024

 

 

 

Andrew G. Schopler
United States District Judge